UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:86-CV-00120-BR

| | |
|---|---|
| LOSSIE HOLMES,    )<br>ABDUR-RAHIN H. SALEEM,    )<br>CLAUDETTE ROBINSON,    )<br>        )<br>        Plaintiffs,    )<br>        )<br>    v.    )<br>LENOIR COUNTY BOARD OF    )<br>EDUCATION,<br>LENOIR COUNTY BOARD OF ELECTIONS,    )<br>HAROLD STROUD,    )<br>MEMBERS OF THE LENOIR COUNTY    )<br>BOARD OF ELECTIONS,    )<br>MARY JEFFRESS,    )<br>        )<br>        Defendants.    ) | ORDER |

This matter is before the court on (1) defendant Lenoir County Board of Education's ("Board") motion to reopen and for modification of consent order and (2) a motion to substitute plaintiffs. Although the former motion has been fully briefed, the court is unable to render a decision on the motion prior to 1 January 2012[1] and deems it advisable to await the Attorney General's decision regarding preclearance of the proposed voting change pursuant to Section 5 of the Voting Rights Act of 1965. Within 10 days of notification of the Attorney General's

---

[1] The proposed voting change is set forth in N.C. Sess. Laws 2011-407. That law is effective January 1, 2012, and applies to elections occurring on or after that date if, prior to January 1, 2012, th[is court] has approved modification of the consent order in [this case] to allow nonpartisan elections. If the [court] approves modification of the consent order . . . to allow nonpartisan elections after January 1, 2012, this section is effective immediately, and applies to elections occurring on or after January 1 of the following year.
N.C. Sess. Laws 2011-407 § 2.(b).

preclearance decision, the Board's counsel is DIRECTED to file written notice thereof with the court. At that time, a hearing, if necessary, will be scheduled.

With respect to the motion to substitute plaintiffs, the Board takes no position. (Reply, DE # 14, at 1 n.1.) Movants represent that plaintiffs Lossie Holmes and Claudette Robinson are deceased; counsel has been unable to locate the other plaintiff, Abdur-Rahin H. Saleem. The motion is ALLOWED.[2] The Clerk is DIRECTED to substitute Jackie Brown, George Graham, Courtney Patterson, and the North Carolina State Conference of Branches of the NAACP as the plaintiffs in this action.

This 9 December 2011.

W. Earl Britt
Senior U.S. District Judge

---

[2]Movants argue that they should be substituted as plaintiffs pursuant to Federal Rule of Civil Procedure 25(c) because they are successors-in-interest to the original plaintiffs. Alternatively, they contend that the court should allow them to intervene pursuant to Rule 24. It does not appear that a transfer of interest as contemplated by Rule 25(c) has occurred here. See generally 7C Charles Alan Wright et al., Federal Practice & Procedure § 1958 (3d ed. 2001) ("Rule 25(c) speaks to the situation in which 'an interest is transferred' during the pendency of an action. . . . The rule applies to ordinary transfers and assignments, as well as to corporate mergers." (footnotes omitted)). Allowing substitution seems more appropriate under Rule 21, which permits the court at any time to add or drop a party, or under Rule 24, which provides for intervention as of right and for permissive intervention. See Graham v. Thornburgh, 207 F. Supp. 1280, 1283-84 (D. Kan. 2002) (where the named plaintiff lacked standing to assert constitutional challenge to redistricting plan, recognizing that there is no practical difference between substituting a plaintiff under Rule 21 or allowing a party to intervene as a plaintiff under Rule 24). At any rate, the court need not decide the issue as the Board does not oppose substitution.